## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CR12-548 PA | Date | October 17, 2023 |
|---|---|---|---|
| Title | United States of America v. Aaron Sandusky | | |

Present: The Honorable **PERCY ANDERSON, U.S. DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** IN CHAMBERS ORDER

The Ninth Circuit relying on its decision in United States v. Ponce, 22 F.4th 1045, 1047 (9th Cir. 2022) reversed this Court's decision denying Defendant Aaron Sandusky's motion for early termination of supervised release and remanded the action to this Court with instructions to consider the motion in light of Ponce. After considering the §3553(a) factors, the Court remains convinced that early termination is not warranted for several reasons, including that the offense of conviction poses a continuing danger to community safety and security, especially for teens, the need to protect the public, defendant's aggravating role in the offense of conviction, the risk of recidivism, and the benefits Defendant will continue to receive from continued supervision, all weigh against early termination.

Early termination of supervised release is governed by 18 U.S.C. § 3583(e) (1), which provides "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id.; see United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Defendant has "the burden of showing that he is entitled to early termination." United States v. Robins, No. LA CR 08-01497-VBF, 2014 WL 11790802, at *2 (C.D. Cal. May 27, 2014) (citing United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Defendant was convicted of conspiring to manufacture and to possess with intent to distribute marijuana and to maintain a drug-involved premises in violation of Title 21, United States Code, Section 846 and possession with intent to distribute marijuana in violation Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vii). On each count of conviction, the jury returned a finding that the offense involved over 1,000 marijuana plants.

The United States Probation Office calculated a guideline range of 135-168 months based on a total offense level of 31 and a criminal history category of II. The total offense level included a two level increase for maintaining a manufacturing or distribution facility and an additional four-level enhancement for being a leader or organizer. Defendant had three criminal history points.

Defendant was sentenced to a below guideline term of 120 months of imprisonment followed by a mandatory five-year term of supervised release. Defendant was released from custody on March 12,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CR12-548 PA | Date | October 17, 2023 |
|---|---|---|---|
| Title | United States of America v. Aaron Sandusky | | |

2020.  His supervision expires on March 11, 2025.  Defendant completed the United States Bureau of Prison's Residential Drug Abuse Program ("RDAP").  Defendant tested positive in June 2021 for marijuana metabolites.

Defendant now seeks an early termination after serving twenty-seven months of a sixty-month mandatory term of supervised release.  Defendant moves for early termination of supervised release primarily because he is required to obtain permission to travel outside the district.  Defendant asserts that the condition interferes with his ability to serve his employer's clients and to attract new clients.[1/]  Both the government and United States Probation Department oppose Defendant's request for early termination of supervision.

The Court may terminate a term of supervised release and discharge a defendant ''at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.''  18 U.S.C. § 3583(e)(1); United States v. Emmett, 749 F.3d 817 (9th Cir. 2014); see United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge of a defendant from supervised release ''in order to account for unforeseen circumstances'').  When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).  These factors are also weighed by the Court in determining the initial sentence.  See 18 U.S.C. § 3583(e)(1); Lussier, 104 F.3d at 36 (the court must consider certain factors in section 3553(a) before ordering early termination of a term of supervised release).

Large scale marijuana cultivation and distribution is a particularly serious offense.  Defendant and his coconspirators operated a warehouse where they grew over 1000 marijuana plants and operated three marijuana dispensaries.  Defendant employed 50-70 people and was the unquestioned leader of that illegal enterprise.  In the face of repeated warnings by federal law enforcement that his conduct was unlawful, Defendant actively publicized his blatant refusal to follow federal law.  Defendant's extensive, comprehensive, and zealous involvement in the unlawful trafficking of substantial amounts of a controlled substance and the danger that substance represents to the public weighs against early termination.

Danger to the community is not limited to physical violence.  It can take different forms, including exposing the community to drugs.  Large scale marijuana cultivation and distribution inflicts tremendous costs and harm upon young people, individuals, families, and communities.  According to the National Institutes of Health National Institute on Drug Abuse marijuana "is one of the most used drugs in the United States, and its use is widespread among young people.  In 2021, 35.4% of young adults aged 18 to 25 reported using marijuana in the past year. . .  In 2022, 30.7% of 12th graders reported using marijuana in the past year and 6.3% reported using marijuana daily.  In addition, many young

---

[1/]    Defendant is employed by Melbourne based Dome Gardening Supply as a sales representative for hydroponic supplies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CR12-548 PA | Date | October 17, 2023 |
|---|---|---|---|
| Title | United States of America v. Aaron Sandusky | | |

people also use vaping devices to consume marijuana products. In 2020, nearly 20.6% of 12th graders reported that they vaped marijuana in the past year and 2.1% reported that they did so daily." https://nida.nih.gov/publications/drugfacts/cannabis-marijuana.

Marijuana use beginning in teen years or younger may affect brain-based disabilities, including learning disabilities, mental illnesses, and cognitive, intellectual and developmental disabilities.[2] Moreover, Defendant's offense of conviction demonstrated a total disregard for the communities who have to live with the fallout and the consequences. For example, marijuana use has been linked to depression and social anxiety in adults.[3] People who that use marijuana are more likely to develop temporary psychosis (hallucinations, not knowing what is real, and paranoia) long-lasting mental disorders, including schizophrenia.[4] Driving while impaired by marijuana is dangerous and illegal. Marijuana affects reaction time, coordination, and concentration – skills required for safe driving.[5] This research shows that shows that people that began using marijuana in their teens are more likely to have lasting brain developmental effects and a higher potential for developing marijuana use disorders, including both health and/or social problems.[6] Recovering from drug addiction is notoriously difficult and costly. Setbacks are common. Too often, a critical element is overlooked: mental health conditions that severely tax a community's overburdened and scarce public health resources. Large scale marijuana trafficking adversely affects community safety and public health. Persons, like this defendant, who engaged in large scale marijuana cultivation and distribution fuel an epidemic of abuse and addiction – and profit from it – while feeding societal and public health problems that plagues many of our

---

[2] National Academies of Sciences Engineering and Medicine, "The Health Effects of Canabis and Cannabinoids: Current State of Evidence and Recommendations for Research," Washington, DC 2017. Batalla A, Bhattacharyya S, Yucel M, Fusar-Poli P. Crippa JA, Nofue S, Torrens M. Pujol J, Farre M. Martin-Santos R, Structural and functional imaging studies in chronic cannabis users; a systematic review of adolescent an adult findings. PloS One. 2013;8(2):e55821.

[3] Id.

[4] Schizophrenia is a type of mental illness where people might see or hear things that aren't there. The association between marijuana and schizophrenia is stronger in people who start using marijuana frequently at an early age. See Volkow ND, Swanson JM, Evins AE, DeLisi LE, Meier MH, Gonzales R. Bloomfield MA, Curran HV, Baher R. Effects of Cannabis Use on Human Behavior, Including Cognition, Motivation, and Psychosis: A Review. JAMA Psychiatry, 2016 Mar;73(3):292-7.

[5] Compton R. (2017, July). Marijuana-Impaired Driving – A Report to Congress. (DOT HS 812 440). Washington, DC: National Highway Traffic Safety Administration

[6] Winters KC, Lee C-YS. Likelihood of developing an alcohol and cannabis use disorder during youth: Association with recent use and age. Drug Alcohol Depend. 2008;92(1-3):239-247. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders. 5th ed. Arlington, VA, 2013

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CR12-548 PA | Date | October 17, 2023 |
|---|---|---|---|
| Title | United States of America v. Aaron Sandusky | | |

communities. Thus, the nature and circumstances of Defendant's offense weigh against the early termination of supervised release.

The Court also finds the need for deterrence and the need to protect the public both weigh against early termination. The United States Sentencing Commission's Report, Recidivism of Federal Drug Trafficking Offenders Released in 2010 (January 2022) concluded that recidivism rates for marijuana trafficking offenders (46.7%) for a new offense or an alleged violation of supervision condition was similar to the recidivism rate for all federal offenders (50.4%). And 76.5% of marijuana traffickers were rearrested prior to the end of the imposed supervision term and 29.3% were rearrested for drug offenses (drug trafficking, drug possession, or other drugs). Given these recidivism rates, the Court finds that there is a significant need to protect the public and deter Defendant from committing future crimes. Defendant tested positive in June 2021 for marijuana metabolites. And, while Defendant has been otherwise compliant, the test results provide context for Defendant's offense of conviction and the Court's continuing concerns about the risk of recidivism, the need to protect the public, and Defendant's need for continued rehabilitation services.

The Court has also considered the Administrative Office of the United States Court's Guide to Judiciary Policy, Vol.8, Part E, "Supervision of Federal Offenders" (Monography 109 § 380.10 (2012) ("AO Guide"). The AO Guide sets forth nine factors to consider on a motion for early termination of supervison. While the Policy conclusions of the Judicial Conference may not be binding on the lower courts, they are 'at the very least entitled to respectful consideration.'" Hollingsworth v. Perry, 558 U.S. 183 (2010) (citation omitted), followed by Perry v. City & County of San Francisco, No. 10-16696, 2011 WL 2419868, *11 (9th Cir. Apr. 27, 2011). As the Supreme Court directs, this Court has given respectful consideration to the Judicial Conference recommendations and guidance regarding the early termination of supervised release. Two of those factors – that Defendant received an aggravated role in a particularly large drug offense, and that the offense was a class A felony carrying a statutory minimum of ten years in prison – also militates against early termination.

In addition, the need to provide Defendant with additional rehabilitation services weighs against terminating supervised release early. Defendant has an acknowledged history of drug use that led to his placement in the Residential Drug Abuse Program. Continued supervision would obviously benefit Defendant's continuing struggles with drug abuse and mitigate any future risk of offending. Accordingly, the Court finds Defendant has benefitted from rehabilitation services supervised release provides and that supervised release will continue to benefit him.

Finally, the co-defendants in this case, who were equally or less culpable than defendant, each served five-year supervised release terms. Early termination of Defendant's supervision, when Defendant was a leader and organizer, would create unwarranted sentencing disparities between Defendant and equally or less culpable defendants.

The Court has considered the Defendant's conduct on supervision, his arguments in light of the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B-D), (a)(4), (a)(5), (a)(6), ad (a)(7), AO Guide, and the Sentencing Commission policy statement of "encourag[ing]" early termination "in appropriate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CR12-548 PA | Date | October 17, 2023 |
|---|---|---|---|
| Title | United States of America v. Aaron Sandusky | | |

cases." The Court concludes that on balance, Defendant has not carried his burden of showing that early termination of supervision is warranted. In sum, given the nature and circumstances of Defendant's crime, the harm large scale marijuana trafficking causes communities, the risk of recidivism, Defendant's aggravated role, the benefits Defendant will receive from continued supervision, and the need to avoid unwarranted sentencing disparities, when weighed against the minor inconvenience of seeking permission for travel outside the district, the Court finds the "interest[s] of justice" would be best served by denying Defendant's motion.

Accordingly, the motion for early termination is denied.

IT IS SO ORDERED.

:

Initials of Preparer